NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PHILIBERT KONGTCHEU, : | |
| : | Civil Action No. 13-1854 (CCC) |
| Plaintiff, : | |
| : | |
| v. : | MEMORANDUM OPINION |
| : | |
| HOSPITAL FOR SPECIAL SURGERY, : | |
| : | |
| Defendant. : | |
| : | |

**CLARK, United States Magistrate Judge**

Currently pending before the Court is *pro se* Plaintiff Philibert Kongtcheu's ("Plaintiff") motion for leave to amend his complaint [Docket Entry No. 24]. Defendant Hospital for Special Surgery ("Defendant") has opposed Plaintiff's motion [Docket Entry No. 25]. The Court has fully reviewed and considered all arguments made in support of, and in opposition to, Plaintiff's motion. The Court considers Plaintiff's motion without oral argument pursuant to L.Civ.R. 78.1(b). For the reasons set forth more fully below, Plaintiff's motion to file an amended complaint is DENIED.

**I.   BACKGROUND**

The parties and the Court are all familiar with the facts underlying this litigation. As such, they are not restated at length herein.[1] This action arises out of treatment that Plaintiff sought at Defendant's facilities on three specific occasions between July and November 2010. *Compl.* at ¶1; Docket Entry No. 1. Plaintiff initially filed this action seeking relief for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.,* the Fair Credit Reporting Act, 15 U.S.C. §1691,

---

[1] The facts relevant to this motion stated herein are taken from the District Court's prior Opinions issued in this case. *See* Docket Entry Nos. 15, 30.

1

*et seq.,* and for harassment in connection with Defendant's debt collection efforts.  On January 15, 2014, Magistrate Judge Falk issued a pretrial scheduling order setting the deadlines to amend the pleadings and for fact discovery as April 1 and April 15, 2014, respectively. *See* Docket Entry No. 14.  Dispositive motions were due on May 15, 2014. *Id.*  On April 21, 2014, Plaintiff filed a letter requesting a 60 day extension of the deadlines in the scheduling order, which the Court granted on May 2, 2014. *See* Docket Entry Nos. 15-16.  On July 13, 2014 Plaintiff filed another letter seeking an additional 60 day extension.  At this juncture, the extended deadlines to amend the pleadings and fact discovery had passed, and the deadline for filing dispositive motions was July 15, 2014, which Plaintiff acknowledged in his request. *See* Docket Entry No. 17 ("I am unable to file papers in the above referenced cases within the deadlines indicated in your previous order, July 3[2] & July 15, 2014.")  By text order on July 23, 2014, the Court granted Plaintiff's extension for another 60 days.

In the interim, the Court scheduled a settlement conference and on September 25, 2014 Plaintiff filed a motion to amend the complaint and for summary judgment.  The Court administratively terminated Plaintiff's motion pending settlement discussions.  On December 3, 2014, the Court reinstated only Plaintiff's motion to amend, finding that any motion for summary judgment is necessarily predicated on the operative complaint and, as such, the motion to amend should be addressed first. *See* Docket Entry No. 29.

Plaintiff now seeks to amend his complaint to add additional factual allegations and four new causes of action arising out of the same three visits to Defendant's facilities.  Specifically, Plaintiff seeks to add claims for negligent and intentional infliction of emotional distress, violation of privacy, defamation, and violations of the regulations on Medicaid. *See generally Plaintiff's*

---

[2] The July 3, 2014 deadline did not pertain to the instant case, but to another case in which Mr. Kongtcheu is a named Plaintiff, *Kongtcheu v. Constable,* Civil Action No. 12-6872.

*Brief in Support*; Docket Entry No. 24-2.  Defendant has opposed Plaintiff's motion on the grounds that it is untimely, prejudicial to the Defendant, and that the new theories of relief are futile. *See generally Defendant's Brief in Opposition*; Docket Entry No. 25.

## II.  **LEGAL STANDARD**

The decision to grant or deny leave to amend is committed to the sound discretion of the Court. *Gay v. Petsock,* 917 F.2d 768, 772 (3d Cir. 1990).  Pursuant to FED.R.CIV.P. 15(a)(2), leave to amend the pleadings is generally granted freely.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000).  Nevertheless, the Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Id.*  However, where there is an absence of undue delay, bad faith, prejudice or futility, a motion for leave to amend a pleading should be liberally granted. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004).

Delay alone is not sufficient to deny a request for leave to amend, *see Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d. Cir. 1984), but the moving party "must demonstrate that its delay in seeking to amend is satisfactorily explained." *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990) (internal quotations omitted).  Courts will deny a request for leave to amend where delay becomes undue, such as when its accommodation creates an "unwarranted burden on the court…[and] unfair burden on the opposing party." *Adams v. Gould*, 739 F.2d 858 at 868.

Prejudice will be considered "undue" when it rises to such a level that the non-moving party would be "unfairly disadvantaged or deprived of the opportunity to present facts or

evidence…" *Harrison*, 113 F.R.D. at 468 (internal quotations omitted).  In evaluating the extent of any alleged prejudice, the court looks to the hardship on the non-moving party if the amendment were granted.  *Cureton v. NCAA*, 252 F.3d 267, 273 (3d Cir. 2001).  "Specifically, [courts] have considered whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or theories."  *Cureton*, 252 F.3d at 273.  The court of appeals has stated that "prejudice to the non-moving party is the touchstone for the denial of…amendment." *See Cornell & Co. v. Occupational Safety and Health Rev. Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978); *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989).

Lastly, while it is well settled that *pro se* litigants should be afforded a certain degree of leniency, due to their unfamiliarity with the judicial process, *pro se* litigants are still "bound by this Court's orders, local rules, policies and procedures, as well as the Federal Rules of Civil Procedure." *N'Jai v. Pittsburgh Bd. of Pub. Educ.*, 2011 U.S. Dist. LEXIS 40121 at *3 (W.D. Pa. Apr. 13, 2011). *See also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992).

### III.  DISCUSSION

As a threshold matter, the Court notes that it will accept Plaintiff's filing as timely, although it is highly questionable as to whether it is.[3]  Nevertheless, Plaintiff's amendment must fail because it is unduly prejudicial to Defendant.  The original complaint involves only statutory causes of action stemming from Defendant's alleged collection efforts.  Plaintiff's proposed amendments

---

[3] Plaintiff's initial request for a 60 day extension of deadlines in the January 15, 2014 Scheduling Order (which was made *after* motions for amended pleadings were due) would have reset the deadline for motions to amend from April 1, 2014 to June 1, 2014 and motions for summary judgment from May 15, 2014 to July 15, 2014.  Plaintiff's second request for a 60 day extension was received in the middle of July – after the deadline for amended pleadings - and complains only that the deadline of July 15, 2014 (for summary judgment motions) is unattainable. *See* Docket Entry No. 17.  As such, the Court granted Plaintiff's request with the assumption that only an extension for summary judgment motions was being requested. However, because the Court's Order did not specify an exact deadline and because Plaintiff is a *pro se* litigant, the Court will afford Plaintiff the luxury of assuming that the final extension applied to motions to amend as well.

would more than double the causes of action already alleged and would require extensive discovery. For example, Plaintiff's causes of action for negligent and intentional infliction of emotional distress alone would involve discovery of Plaintiff's medical history and would undoubtedly involve thorough expert discovery, including expert reports and depositions. Moreover, although Plaintiff received extensions from the Court, Plaintiff unduly delayed in bringing this motion, as there is nothing in Plaintiff's additional factual allegations which illustrate that these causes of action could not have been brought at the time of the original complaint. Plaintiff's amended complaint references the same "three visits" as the original complaint, namely, those "between July and November 2010." *See Am. Compl.* at ¶16; *Compl.* at ¶1. As such, the Court finds that allowing this amendment to proceed at this stage of the litigation would result in undue prejudice to Defendant. Fact discovery is complete and Plaintiff's amended complaint would necessarily require significant amounts of additional discovery and costs, which is prejudicial to Defendant. Because "prejudice to the non-moving party is the touchstone for the denial of…amendment" Plaintiff's motion is denied. *See Cornell,* 573 F.2d at 823.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's motion to amend is DENIED. An appropriate Order follows.

Dated: February 5, 2015

                                        s/James B. Clark, III
                                        **HONORABLE JAMES B. CLARK, III**
                                        **UNITED STATES MAGISTRATE JUDGE**