UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **PHILIBERT KONGTCHEU,** : | |
| : | Civil Action No. 13-1854 (CCC) |
| **Plaintiff,** : | |
| : | |
| v. : | MEMORANDUM OPINION |
| : | |
| **HOSPITAL FOR SPECIAL SURGERY,** : | |
| : | |
| **Defendant.** : | |
| : | |

**CLARK, United States Magistrate Judge**

On remand from the Honorable Claire C. Cecchi is *pro se* Plaintiff Philibert Kongtcheu's ("Plaintiff") motion for leave to amend his complaint, with instructions to "consider the threshold inquiry of whether Rule 16 of the Federal Rules of Civil Procedure applies." [Docket Entry No. 40]. Upon consideration, this Court finds that Rule 16 of the Federal Rules of Civil Procedure applies. For the reasons that follow, Plaintiff's motion to file an amended complaint is DENIED.

**I.   BACKGROUND**

As the parties and the Court are familiar with the facts underlying this action[1], only the facts pertinent to the issue on remand will be addressed. On January 15, 2014, Magistrate Judge Falk issued a pretrial scheduling order setting April 1, 2014 as the deadline to amend the pleadings. [Docket Entry No. 14.] On April 21, 2014, Plaintiff filed a letter requesting a 60-day extension of the deadlines in the scheduling order, which the Court granted on May 2, 2014. [Docket Entry Nos. 15-16.] Pursuant to this Order, Plaintiff's deadline to amend the pleadings was extended to

---

[1] The facts relevant to this motion stated herein are taken from the District Court's prior Opinion issued in this case. See Docket Entry No. 30.

1

June 1, 2014.  [*See id.*]  On July 13, 2014, the Plaintiff filed another letter seeking a second 60-day extension which this Court granted.  [Docket Entry Nos. 17-18.]  Plaintiff's deadline to amend the pleadings was thereby extended to August 1, 2014.  [*See id.*]  On September 25, 2014—after the deadline set by the Court—Plaintiff filed his motion to amend the pleadings.

## II.     LEGAL STANDARD

The threshold issue in resolving a motion to amend is the determination of whether the motion is governed by Rule 15 or Rule 16 of the Federal Rules of Civil Procedure."  *Watson v. Sunrise Senior Living Servs., Inc.*, No. CIV.A. 10-230 (KM), 2015 WL 1268190 at *1 (D.N.J. Mar. 18, 2015) (citing *Karlo v. Pittsburgh Glass Works, LLC*, No. 10–1283(NBF), 2011 WL 5170445, at *2 (W.D.Pa. Oct. 31, 2011)).  Rule 15 provides, in pertinent part, that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Unlike the "more lenient" standard applied under Rule 15, Rule 16 applies a stricter standard.  *Watson*, 2015 WL 1268190 at *5.  "Rule 16... requires a party to demonstrate 'good cause' prior to the Court amending its scheduling order."  *Karlo*, 2011 WL 5170445 at *2 (citing Fed.R.Civ.P. 16(b)(4)).  While there sometimes might be "tension" between the standards of the two Rules, *id.* at *2 n. 3, Third Circuit courts "have consistently reached the same conclusion: a party seeking to amend the pleadings after the deadline set by the Court must satisfy the requirements of Rule 16(b)(4)—i.e., that party must show 'good cause.'"  *Id.* at *2; *see also Dimensional Commc'n, Inc. v. OZ Optics, Ltd.*, 148 F. App'x 82, 85 (3d Cir.2005) (instructing that the Third Circuit has adopted a good cause standard when determining the propriety of a motion to amend after the deadline has elapsed).

### III.  DISCUSSION

In this Court's February 5, 2015 Opinion, we "accept[ed] Plaintiff's filing as timely" affording the *pro se* Plaintiff "the luxury of assuming that the final extension applied to motions to amend as well." [*See* Docket Entry No. 30.]  In doing so, we addressed Plaintiff's motion to amend under the "more lenient" standard of Rule 15.  Now, on remand, we more accurately scrutinize the timeliness of Plaintiff's motion to amend.

Here, the scheduling order was extended twice, providing Plaintiff until August 1, 2014 to file his motion to amend the pleadings.  Plaintiff failed to meet this deadline.  Instead, Plaintiff's motion to amend was filed almost two months later, on September 25, 2014.  Because Plaintiff failed to comply with this Court's scheduling order, the "good cause" standard under Rule 16 applies to his motion to amend.  As discussed in greater detail below, Plaintiff fails to establish good cause.

To demonstrate good cause under Rule 16, the moving party must show "due diligence." *See Race Tires America, Inc. v. Hoosier Racing Tire Corp.,* 614 F.3d 57, 84 (3d. Cir. 2010). Typically, when analyzing the moving party's diligence, courts consider whether the movant "possessed, or through the exercise of reasonable diligence should have possessed, the knowledge necessary to file the motion to amend before the deadline expired." *Smith v. Honeywell Int'l, Inc.*, No. 10–CV–03345 (ES/JAD), 2014 WL 301031 at *6 (D.N.J. Jan. 27, 2014) (citations omitted). Further, "good cause may be satisfied if the movant shows that the delay in filing the motion to amend stemmed from 'any mistake, excusable neglect or any other factor which might understandably account for failure of counsel to undertake to comply with the Scheduling Order.'" *Phillips v. Grebon*, No. 04–5590(GEB), 2006 WL 3069475 at *6 (D.N.J. Oct. 27, 2006) (citation omitted).  Moreover, if a movant knew about the need to file a motion to amend before the deadline

expired, or if the movant did not satisfactorily explain the delay, the court may deny the motion. *See, e.g., Dimensional Commc'n., Inc. v. OZ Optics, Ltd.*, 148 F. App'x 82, 85 (3d Cir.2005).

Here, Plaintiff unduly delayed in bringing this motion. There is nothing in Plaintiff's proposed amendments which could not have been asserted in the original complaint—or at the very latest, before the August 1, 2014 deadline. Plaintiff's amendments reference the same "three visits" as the original complaint, namely, those "between July and November 2010." *See Am. Compl.* at ¶ 16; *Compl.* at ¶ 1. And all of Plaintiff's new causes of action arise from or relate to occurrences that occurred prior to the filing of the Complaint. Accordingly, Plaintiff should have possessed the knowledge necessary to file his motion to amend the Complaint before the expiration of the August 1, 2014 scheduling order deadline. Since Plaintiff has failed to provide any satisfactory explanation for this delay, he is unable to establish good cause under Rule 16.

## IV.   CONCLUSION AND ORDER

In light of the foregoing, and the Court having considered this matter pursuant to FED. R. CIV. P. 78;

**IT IS** on this 2nd day of November, 2015,

**ORDERED** that Plaintiff's motion to amend is DENIED.

s/James B. Clark, III  
**HONORABLE JAMES B. CLARK, III**  
**UNITED STATES MAGISTRATE JUDGE**